NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SAMUEL MARIO VASQUEZ, *Appellant*.

No. 1 CA-CR 14-0388
FILED 9-22-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-007305-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

**T H U M M A**, Judge:

¶1        Samuel Mario Vasquez appeals from his convictions and resulting sentences for first-degree murder, aggravated assault and misconduct involving weapons. Because Vasquez has shown no reversible error, his convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In April 2012, Police found M.G.'s body in a west-Phoenix alley, and a neighbor reported seeing a white Suburban speeding from the alley earlier that evening. A Suburban containing M.G.'s keys was later found burning in the desert.

¶3        R.C. testified that he was driving the Suburban, which was registered to his sister-in-law, when Vasquez knelt on the front passenger seat facing the back, twice shot M.G., who was sitting behind him, and ordered R.C. out of the car at gunpoint. E.G., who was in the seat next to M.G. and behind R.C., testified that he got out of the car when Vasquez started yelling at M.G., and he saw that Vasquez had a gun in his lap. M.G. died of multiple gunshot wounds to the neck from a gun pointed "sharply downward." M.G.'s DNA was a major contributor to blood found on Vasquez' shirt.

¶4        Vasquez, as was his right, did not testify at trial and defended on the basis that either R.C. or E.G. killed M.G. The jury found Vasquez guilty as charged, and the court sentenced him to life without the possibility of release on the murder conviction and concurrent prison terms for the other convictions. This court has jurisdiction over Vasquez' timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).[2]

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶5      Vasquez first argues the superior court improperly precluded facts surrounding convictions of R.C., whom he blamed for the murder, for two offenses – felony disorderly conduct for pointing a gun at his wife in 2000, and misdemeanor criminal damage for throwing a rock at or kicking her car in 2007. The court precluded evidence of the incidents under Arizona Rules of Evidence 401, 402 and 403, based on the age of the incidents and that they involved R.C.'s wife, a relationship different from his relationship with M.G.

¶6      As Vasquez argues, the admissibility of third-party culpability evidence is governed by Arizona Rules of Evidence 401 through 403, not Rule 404(b). *State v. Machado*, 226 Ariz. 281, 284 ¶ 16, 246 P.3d 632, 635 (2011). To be relevant, third-party culpability evidence, viewed in the light most favorable to its proponent, must tend "to create a reasonable doubt as to the defendant's guilt." *State v. Gibson*, 202 Ariz. 321, 324 ¶ 16, 44 P.3d 1001, 1004 (2002); *State v. Bigger*, 227 Ariz. 196, 208 ¶ 42, 254 P.3d 1142, 1154 (App. 2011). The superior court, however, has discretion to exclude third-party culpability evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Machado*, 226 Ariz. at 284 n.2 ¶ 16, 246 P.3d at 635 n.2 (citing Ariz. R. Evid. 403). This court reviews a ruling on the admissibility of third-party culpability evidence for an abuse of discretion. *State v. Prion*, 203 Ariz. 157, 161 ¶ 21, 52 P.2d 189, 193 (2002).

¶7      The superior court did not abuse its discretion. The convictions were for different types of offenses committed by R.C. against his wife years before this murder. The gun R.C. used in 2000 was not linked to the gun used in this murder, and the circumstances of the 2007 offense were not at all similar to this murder. Viewed in the light most favorable to Vasquez, facts surrounding these prior convictions had little if any tendency to create a reasonable doubt as to his guilt. *Bigger,* 227 Ariz. at 209 ¶ 43, 254 P.3d at 1155 (holding superior court properly excluded third-party culpability evidence that created no more than vague grounds of suspicion, and, in context, had trivial probative value). Moreover, any relevance was so tenuous and speculative that the evidence properly was excluded under Rule 403. *See State v. Dann*, 205 Ariz. 557, 569 ¶ 36, 74 P.3d 231, 243 (2003) (holding the court did not abuse its discretion in precluding third-party culpability evidence where "the tenuous and speculative nature of the evidence caused it to fail the Rule 403 test").

**¶8**         Vasquez next argues the superior court violated both the rule against hearsay and his confrontation rights by admitting out-of-court statements from A.B. and B.G, who did not testify at trial, that Vasquez called A.B. to pick him up the night of the murder, and that when they did so, Vasquez had blood on him and said he had been in a fight. Although this court ordinarily reviews evidentiary rulings for an abuse of discretion, evidentiary rulings implicating confrontation rights are reviewed de novo. *State v. Ellison,* 213 Ariz. 116, 129 ¶ 42, 140 P.3d 899, 912 (2006).

**¶9**         The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the admission of testimonial statements at a criminal trial unless the declarant is available at trial for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). The Confrontation Clause, however, "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59 n.9. Nor does the rule against hearsay bar the admissibility of out-of-court statements admitted for a purpose other than the truth of the matter asserted. Ariz. R. Evid. 801(c), 802.

**¶10**         The superior court did not violate either the rule against hearsay or Vasquez' confrontation rights because the challenged testimony was not admitted for the truth of the matter asserted. The State offered the testimony to rebut Vasquez' claim that the lead detective focused on Vasquez the day after the murder based solely on information from R.C. and his sister-in-law, who had initially lied to police. The superior court allowed the evidence Vasquez challenges on appeal for the limited purpose of establishing the influences on the detective's state of mind in investigating the matter, not to establish the truth of the matter asserted. The court's final jury instructions directed that "[t]estimony regarding statements made to [the lead detective] was not offered for the[] truth or falsity of the statements, but to explain what was done or not done in her investigation. You should only consider those statements for that purpose." The State reiterated this instruction in closing, stating the court specifically instructed the jury that what the lead detective "was testifying to isn't for the truth of whatever the other person said.  It had to do with what her thinking was. The [e]ffect on her and why she did what she did in the investigation." Contrary to Vasquez' claim on appeal, the State did not use the out-of-court statements by A.B. and B.G. to establish guilt. Because these out-of-court statements were admitted only for the limited purpose of establishing why the detective focused on Vasquez in her investigation in response to Vasquez' assertion, their admission was not contrary to the rule against hearsay or Vasquez' confrontation rights.

**CONCLUSION**

¶11　　　　Vasquez' convictions and resulting sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama